UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV311

KATHY RIDENER                                                                                      PLAINTIFF

VS.

MICHAEL J. ASTRUE,
    Commissioner of Social Security                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Kathy Ridener ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On September 22, 2005, Claimant filed application for supplemental security income payments, alleging that she became disabled as of November 14, 2004. After a hearing, Administrative Law Judge Jimmy N. Coffman ("ALJ") determined that claimant's hypertension, headaches, emphysema, status post arthroscopic surgeries bilateral knees, and major depressive disorder, recurrent, moderate were severe impairments, but that they did not prevent her from performing her past work as a housekeeper. This became the final decision of the Defendant when the Appeals Council denied review on April 14, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative

proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ committed legal error in failing to give the appropriate weight to the opinion of her treating physician, Dr. Alur. Dr. Alur opined in January of 2007 that his patient would be able to stand no more than 2-3 hours in an eight hour workday, might need to take unscheduled breaks during the day, should limit her lifting to ten pounds, and should avoid dust (secondary to her chronic obstructive pulmonary disease). Tr. 421-422. These limitations would be inconsistent with the performance of medium level work. The ALJ rejected Dr. Alur's opinion.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons

for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).

In rejecting the restrictions imposed by Dr. Alur, the ALJ stated that the opinion was "inconsistent with his earlier opinions as well as other substantial evidence of record. This opinion is given little weight, as it is not fully supported by overall case findings." The sole explanation of this conclusory statement was the ALJ's observation that on October 25, 2005, Dr. Alur opined that Ms. Ridener had no significant medical problem and on June 1, 2006, he opined that Ms. Ridener can sit, stand, and ambulate. Tr. 20.

Dr. Alur's October 25, 2005 opinion of "no significant medical problem" was presented prior

to the worsening of her left knee problem. She had surgery on that knee in January of 2006. Two months later, she injured her right knee, and the MRI showed abnormalities. Tr. 410. Three months later, Dr. Alur opined that she could sit, stand, and walk, but could only lift light weights. Tr. 386. On June 19, 2006, an arthroscopic examination showed that her right knee problems had worsened and surgery was performed in July.

"Inconsistency" in Dr. Alur's opinions was the only specific reason given by the ALJ for rejecting Dr. Alur's statement of his patient's limitations. However, rather than being an "inconsistency," those gradually increasing restrictions reflected the worsening of Ms. Ridener's knee problems as demonstrated by objective medical testing.

If a long time treating physician's opinion, supported by consistency of treatment and by objective and clinical evidence, could be completely rejected simply because it did not fully accord with the opinion expressed by a non-treating, non-examining agency physician, then there would be no "treating physician rule." But Wilson very clearly establishes that the "treating physician rule" is alive and well. In this case, the ALJ committed an error of law in his handling of the treating physician's opinion, and the matter must be remanded for further proceedings.